IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK RYAN SCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-12-203-JHP-KEW |
| ) | |
| MARVIN VAUGHN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter comes on for consideration of Respondent's Motion to Dismiss (Doc. 20). Respondent claims the petitioner's Petition for Habeas Corpus relief is barred by the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA," 28 U.S.C. § 2244(d). Petitioner has not filed any response.

Title 28 U.S.C. § 2244(d)(1) contains a 1-year period of limitation which runs from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings in this case indicate the petitioner entered a no contest plea and a judgment and sentence was entered against the petitioner on April 26, 2010. Doc. 20-1. On May 6, 2010, ten (10) days after the petitioner could have filed a motion to withdraw his plea, the petitioner's judgment became final. Petitioner's one year statutory limitation period began the next day. Thereafter, on May 7, 2011, the petitioner's one year statutory limitation period expired. Because May 7, 2011, fell on a Saturday, the petitioner had until Monday, May 9, 2011 to file his petition. Petitioner did not, however, file the current petition for writ of habeas corpus until one year later on May 8, 2012. As a result, this Court finds the petitioner's current habeas corpus petition is untimely and should, therefore, be dismissed.

**ACCORDINGLY**, the respondent's Motion to Dismiss (Doc. 20) is hereby GRANTED, and this action is DISMISSED WITH PREJUDICE in its entirety. Further, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, this Court hereby denies a certificate of appealability.

It is so ordered on this  11th  day of July, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma