IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DEREK RYAN SCHELL,            )
                              )
              Petitioner,     )
                              )
vs.                           )   Case No. CIV-12-203-JHP-KEW
                              )
MARVIN VAUGHN, Warden,        )
                              )
              Respondent.     )

### OPINION AND ORDER

This matter comes on for consideration of the petitioner's Motion for Reconsideration (Doc. # 26). After the court entered an order dismissing this matter, the petitioner filed a response to the respondent's motion to dismiss (Doc. # 25). In considering the petitioner's motion for reconsideration, this court has considered the petitioner's response.

The petitioner is challenging the conviction entered in Pontotoc County, State of Oklahoma, Case No. CRF-20090596, following his entry of a no contest plea on April 26, 2010. *See*, Doc. # 20-1. Petitioner claims in his response that the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA," 28 U.S. § 2244(d)(1), should be tolled because he filed motions for judicial review in the trial court and, after those motions were denied, he filed a post-conviction application with the Oklahoma Court of Criminal Appeals (hereinafter "OCCA").

A prisoner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way

and prevented timely filing." *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quotation and citation omitted).

In this court's prior order, it was determined that petitioner's conviction became final on May 6, 2010. *See*, Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea). As a result, his one-year limitations period for any claim challenging his conviction began to run on that day. Absent a tolling event, a federal habeas petition filed after May 7, 2011, would be untimely.

The first time petitioner sought any relief from his sentence was on September 16, 2010, when he asked the trial court to modify his sentence. Thereafter, on March 30, 2011, the petitioner asked the court to review his sentence pursuant to 22 O.S. § 982a. The trial court denied relief because the petitioner had not obtained the consent of the district attorney prior to seeking to have his sentence modified. Thereafter, on February 7, 2012, the petitioner filed his first application for post-conviction relief with the OCCA, Case No. PC-2010-106.. On April 4, 2012, the OCCA entered an order declining jurisdiction.[1] Petitioner now requests this court to toll the statute of limitations based upon his filings in the trial court seeking sentence modification and his filing in the OCCA.

---

[1] *See*,http://www.oscn.net/applications/oscn/getcaseinformation.asp?submitted=true&number=PC-2012-106&db=Appellate&viewtype=oscn for OCCA docket sheet entry on April 4, 2012.

Oklahoma law provides that a motion for judicial review must be filed within twelve (12) months after the imposition of sentence. *See*, 22 O.S. § 982a(A). When the sentence was imposed pursuant to a plea agreement, the state law requires consent of the district attorney *before* a defendant can seek sentence modification. *Id*. (stating that "without consent of the district attorney, this section shall not apply to sentences imposed pursuant to a plea agreement"). Even if this court were to assume that petitioner's motion for judicial review qualified as an application for "collateral review," it was not "properly filed"[2] and, therefore, it did not toll the statute of limitations during the pendency of those motions. The habeas deadline of May 9, 2011, was unaffected by the improperly filed motions for judicial review.

As previously indicated, on February 7, 2012, the petitioner filed an application for post-conviction relief with the OCCA. However, that application was filed after the petitioner's habeas corpus deadline had already expired. Thus, the filing of that application had no effect on the prior habeas deadline. *Wardlaw v. Cain*, 541 F.3d 275 (5th Cir. 2008); *Merritt v. Blaine*, 326 F.3d 157 (3rd Cir. 2003); *Bouziden v. Jones*, 194 Fed.Appx. 506 (10th Cir. 2006) (holding state court applications for post-conviction relief do not toll statute of limitations for filing petition for federal writ of habeas corpus, where state application was filed after federal statute of limitations had run).

---

[2]"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," *Artuz v. Bennett*, 521 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000), including preconditions imposed generally on all filers. *See also*, *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006). In this case, the record is clear that the sentence which the petitioner sought to modify was the result of a plea agreement and the district attorney did not consent to the modification, but rather specifically objected to both modification requests. *See*, Doc. # 20-7 and 20-8.

Petitioner has failed to demonstrate that he diligently pursued his claims or that some extraordinary circumstance stood in his way and prevented him from timely attacking his no contest plea sufficient to warrant equitable tolling. Petitioner's motions for sentence reduction were not properly filed in accordance with Oklahoma statutes and the petitioner's one year limitations period had already expired when he filed his first application for post-conviction relief. As a result, this court finds the petitioner is not entitled to equitable tolling. Therefore, his motion for reconsideration (Doc. # 26) is denied.

It is so ordered on this  27th  day of July, 2012.

_James H. Payne_
James H. Payne
United States District Judge
Eastern District of Oklahoma